## McCRARY *v.* GANO.

A judge has no power to amend a verdict after the same has been returned and the jurors have dispersed. This is none the less true in a case wherein the court had directed what the verdict should be, and the amendment merely supplied a particular finding covered by the direction, but which had been omitted from the verdict; and in no event should the court undertake to amend a verdict which has been so directed, at the instance of a party whose attorney himself prepared the verdict which was actually returned.

Submitted March 1, — Decided April 24, 1902.

Complaint.   Before Judge Felton.   Crawford superior court. March 21, 1901.

*M. G. Bayne* and *W. J. Wallace*, for plaintiff in error.

LUMPKIN, P. J.   On the trial of this case, the same being an action upon promissory notes, the court " directed a verdict for the plaintiff for principal, interest, and attorneys' fees." The plaintiff's attorney then prepared, and the foreman of the jury signed, a verdict finding for the plaintiff stated amounts as principal and attorneys' fees. There was, however, in this verdict, no finding as to interest. After the jurors had dispersed, the plaintiff's attorney

called the court's attention "to having left out the interest in the verdict, which was a matter of calculation from the notes; and the court instructed him to insert the interest in the verdict," which was done.　To this, and this alone, the defendant excepted.

The court erred in thus amending the verdict.　After the dispersal of the jury, the judge had no power either to add to or take from their finding.　It is true that under the direction given to the jury they were instructed to find interest in favor of the plaintiff; but their verdict did not embrace such a finding, and the court was without authority to make any finding for them.　Suppose, in a given case, the verdict of a jury should be, in all respects, palpably contrary to the charge of the court.　It certainly would not be contended that the judge would have the power to correct the error of the jury in disregarding the instructions of the court by discarding the verdict returned and substituting another in its place.　Plainly, in such a case, the remedy would be to set aside the verdict and have the case tried over.　It makes no difference in principle that the departure of the jury from the judge's instructions was only partial, and perhaps the result of mere inadvertence.　It is still true that the only proper way to correct the wrong result was that which we have indicated.　Certainly, in this case, the court ought not to have undertaken to supply the omission from the verdict at the instance of the plaintiff's attorney; for it appears that he himself prepared the verdict, and it would seem that the consequences of his inattention should of necessity fall upon his client.

*Judgment reversed.　All the Justices concurring, except Lewis, J., absent.*