FRIED *v.* FRIED; *et vice versa.*

HAWKINS, Justice. 1. Where, as in this case, a suit for divorce is brought by the wife on the ground of cruel treatment, and prays that the custody of the minor child of the parties be awarded to her, and for the recovery of temporary and permanent alimony for the support of herself and child, and the defendant files an answer and cross-bill, in which he denies the allegations of cruel treatment, and denies that the plaintiff is entitled to a divorce or to alimony for her own support, admits liability for the support of the child and seeks its custody, and alleges that the plaintiff wilfully deserted him without cause, and had been guilty of cruel treatment towards the defendant, and prays that he be granted a divorce, and both parties introduce evidence in support of their respective prayers for divorce, and a verdict such as that which appears in the record in this case is returned by the jury in the form prescribed by the Code (Ann. Supp.), § 30-116, without stating whether the verdict is for the plaintiff or the defendant—the verdict will be construed to be for the plaintiff. *Taylor* v. *Taylor,* 195 *Ga.* 711 (1) (25 S. E. 2d, 506); *Carawan* v. *Carawan,* 203 *Ga.* 325 (3) (46 S. E. 2d, 588); *Gardner* v. *Gardner,* 206 *Ga.* 669, 671 (2) (58 S. E. 2d, 416).

2. Where a wife sues for a total divorce and prays for permanent alimony, and the evidence shows, as it does in this case, that she has no separate estate or means of support, and that her husband is amply able to support her, a verdict which grants a divorce to the wife but denies permanent alimony is contrary to law so far as alimony is concerned. *Campbell* v. *Campbell,* 90 *Ga.* 687 (16 S. E. 960); *Wilkes* v. *Wilkes,* 157 *Ga.* 841 (122 S. E. 548); *Gardner* v. *Gardner,* 206 *Ga.* 669 (2), supra; *Hyndman* v. *Hyndman,* ante, p. 797. The trial court erred in overruling the motion of the plaintiff to vacate and set aside the verdict and decree denying permanent alimony to the plaintiff.

3. While the superior court may, in a proper case, mould a verdict so as to do full justice to the parties, and in the same manner as a decree in equity (Code, § 110-106), and while a verdict may be amended in mere matter of form after the jury have dispersed—where a verdict has been received and recorded, and the jury dispersed, it may not be amended in matter of substance, either by the jurors saying what they intended to find or otherwise. Code, § 110-111. After the dispersal of the jury the judge has no power either to add to or take from their findings, and has not the power, by amendment or reformation, to supply substantial omissions or make substantial changes in the verdict as rendered by the jury. *Wood* v. *McGuire,* 17 *Ga.* 361 (63 Am. D. 247); *McCrary* v. *Gano,* 115 *Ga.* 295 (41 S. E. 580); *Davis* v. *Wright,* 194 *Ga.* 1, 6 (4) (21 S. E. 2d, 88). Nor can the trial judge accomplish the same result as amending the verdict in matter of substance by entering a decree different from the verdict of the jury, thereby eliminating certain substantial findings of the verdict, and substantially modifying or changing other findings of the jury. "If the verdict and decree do not harmonize, the decree must be set aside and a new trial ordered, because the judge has found facts which the jury did not, and thus usurped their peculiar province." *Lake* v. *Hardee,* 57 *Ga.* 459, 466 (2). See also *Law* v. *Coleman,* 173 *Ga.* 68 (159 S. E. 679).

(a) The decree of the court not only having failed to follow, but having made substantial changes in the verdict of the jury, in that the decree eliminated from the verdict a finding in favor of the plaintiff for $1000 as alimony for the support of the child from a given date to the date of the trial, and having awarded unconditionally to the plaintiff, as alimony for the support of the child, the entire amount of $160 per month, when the verdict of the jury made the payment of $60 of this sum conditional upon the child remaining in the jurisdiction of the court, in which event the securing of an apartment and payment of rent thereon would be necessary—such changes were matters of substance, and beyond the power of the judge. If the judge was not satisfied that the verdict as returned was proper, before receiving the verdict he could have required the jury to return to the room and correct its verdict under proper instructions from the court (*Jordan* v. *Downs*, 118 *Ga.* 544, 45 S. E. 439; *Lowery* v. *Morton*, 200 *Ga.* 227, 229, 36 S. E. 2d, 661); or, after the verdict was received and recorded and the jury dispersed, he could have granted a new trial (*Smith* v. *Pilcher*, 130 *Ga.* 350, 355, 60 S. E. 1000); but he was without power by the decree thus to change and modify the verdict after it had been received and recorded, and the jury had dispersed.

4. Marriage imposes upon a husband the legal obligation to provide means for the maintenance of his wife; and, if she be separated from him by reason of his misconduct, this creates a responsibility on the part of the husband to provide maintenance and support of the wife in keeping with his ability and suitable to her condition and habits of life while living with him, which is a lawful demand, and which when legally enforced is called alimony. Code, §§ 53-508, 53-510; *Jenkins* v. *Jenkins*, 69 *Ga.* 483; *Forrester* v. *Forrester*, 155 *Ga.* 722 (118 S. E. 373, 29 A. L. R. 1363); *Wood* v. *Wood*, 166 *Ga.* 519 (2) (143 S. E. 770). It was, therefore, error to charge the jury that, in passing upon the question of alimony, the jury should take into consideration "whether or not it is wise or unwise to give her an amount which would enable her to lead a life of idleness or whether under all the facts and circumstances it would better serve public policy to require the wife to contribute something to her own support." The charge should not have left the jury to determine what is the public policy of the State with respect to the award of permanent alimony, when that policy is fixed and established by the statutory enactments and judicial records of the State. *Skellie* v. *Skellie*, 152 *Ga.* 707, 709 (2) (111 S. E. 22); *Jones* v. *Jones*, 181 *Ga.* 747 (2) (184 S. E. 271); *Hagan* v. *Cone*, 21 *Ga. App.* 416, 419 (94 S. E. 602); People *v.* Hawkins, 157 N. Y. 1 (51 N. E. 257); 50 C. J. 858, § 61; 35 Words and Phrases, 276.

5. Since there is no exception to so much of the verdict and decree as awarded a divorce to the plaintiff and granted to both parties the right to remarry, and disposed of the wedding gifts, these portions of the verdict and decree will stand affirmed, but the judgment overruling and denying the motion to vacate the verdict and decree as to alimony is reversed, with direction that another trial be restricted to the question of alimony for the plaintiff and the minor child. *Mell* v. *Mell*, 190 *Ga.* 508 (2) (9 S. E. 2d, 756); *Boone* v. *Boone*, 192 *Ga.* 579 (15 S. E. 2d,

868); *Camp* v. *Camp*, 199 *Ga.* 144 (33 S. E. 2d, 445); *Hyndman* v. *Hyndman*, supra.

*Judgment affirmed in part and reversed in part on main bill of exceptions; reversed on cross-bill. All the Justices concur.*

Nos. 17787, 17799. ARGUED FEBRUARY 12, 1952—DECIDED MARCH 12, 1952— REHEARING DENIED MARCH 25, 1952.

*Edward F. Taylor* and *David L. Mincey*, for plaintiff in error.
*Jos. W. Popper* and *T. Arnold Jacobs*, contra.

## CORRECTIONS.

Page 585, line 8 from bottom: substitute the word "Thereafter" for "Therefore". Page 822, line 7 from bottom: substitute the word "Specific" for "Special."