18843. Parrott *et al. v.* Stanley *et al.*

Candler, Justice. On July 14, 1954, Mrs. Ella Parrott, Mrs. Mae Bailey, and seven others similarly situated filed a suit against Mrs. Laura Stanley and her husband, Lloyd Stanley, in which they prayed for a money judgment and for a permanent injunction. The defendants neither filed defensive pleadings nor attended court. The case was tried on October 14, 1954, and resulted in a verdict in favor of the plaintiffs for $627.48 and for a permanent injunction prohibiting the commission of further acts of trespass by the defendants on certain lands. On November 5, 1954, the defendants filed a motion, and later amended it, in which they prayed that the judgment be set aside and that the case be reinstated for trial. The motion, as amended, alleges in substance: that movants did not file defensive pleadings or attend court because Mrs. Mae Bailey, one of the plaintiffs, soon after their petition was filed, stated that the suit should not have been instituted; that it would proceed no further; that her husband would in the near future, but on no specified date, see the defendants for the purpose of completing a final settlement of the case; and that they relied on her statement and did not thereafter contact their attorneys, believing that the petition had been dismissed. The plaintiffs demurred to the amended motion generally and on several special grounds. The judge passed an order overruling the demurrers, heard evidence in support of and against the amended motion, vacated the verdict, set aside the judgment and reinstated the case for trial. To these rulings the plaintiffs excepted. *Held:*

1. "Where a judgment of the superior court is based upon the verdict of a jury, and there is no motion for a new trial or to set aside the verdict, a motion to set aside the judgment will not be granted for any cause which does not appear upon the face of the record or pleadings. The

484

motion in the present case being based wholly on aliunde grounds, the general demurrer thereto should have been sustained." *Clark's Cove Guano Co.* v. *Steed,* 92 *Ga.* 440 (17 S. E. 967). This quoted ruling is controlling in the case at bar. See also *Regopoulas* v. *State,* 116 *Ga.* 596 (42 S. E. 1014); *Tietjen* v. *Merchants' Bank,* 117 *Ga.* 501 (43 S. E. 730); and *Lovelace* v. *Lovelace,* 179 *Ga.* 822 (1e) (177 S. E. 685), where it was said that "there is no provision in law for setting aside a verdict except upon a motion for new trial or a motion equivalent to a motion for a new trial, except as provided in the Civil Code (1910), § 6144 [now Code § 6-804]."

2. Since the amended motion should have been dismissed on the general demurrer interposed thereto, all other rulings subsequently made in the case are nugatory.

*Judgment reversed. All the Justices concur.*

Submitted February 14, 1955—Decided March 16, 1955.

*M. C. Tarver,* for plaintiffs in error.
*Mitchell & Mitchell,* contra.