39032. PARRISH BAKERIES OF GEORGIA, INC. v. WISEMAN BAKING COMPANY *et al.*

574

Decided October 4, 1961.

*Rogers, Magruder, Hoyt, Wright & Walther, Clinton J. Morgan,* for plaintiff in error.

*James Maddox, E. J. Clower,* contra.

Felton, Chief Judge. "There is no provision in law for setting aside a verdict except upon a motion for a new trial, or a motion equivalent to a motion for a new trial, except as provided in the Code of 1933, § 6-804." *New York Life Ins. Co. v Cook,* 182 Ga. 409 (1) (185 SE 711); *Parrott v. Stanley,* 211 Ga. 483 (1) (86 SE2d 323).

"While the superior court may, in a proper case, mould a verdict so as to do full justice to the parties, and in the same manner as a decree in equity (*Code* § 110-106), and while a verdict may be amended in mere matter of form after the jury have dispersed—where a verdict has been received and recorded, and the jury dispersed, it may not be amended in matter of substance, either by the jurors saying what they intended to

find or otherwise. *Code* § 110-111. After the dispersal of the jury the judge has no power either to add to or take from their findings, and has not the power, by amendment or reformation, to supply substantial omissions or make substantial changes in the verdict as rendered by the jury. *Wood v. McGuire,* 17 Ga. 361 (63 AD 247); *McCrary v. Gano,* 115 Ga. 295 (41 SE 580); *Davis v. Wright,* 194 Ga. 1, 6 (4) (21 SE2d 88). Nor can the trial judge accomplish the same result as amending the verdict in matter of substance by entering a decree different from the verdict of the jury, thereby eliminating certain substantial findings of the verdict, and substantially modifying or changing other findings of the jury. 'If the verdict and decree do not harmonize, the decree must be set aside and a new trial ordered, because the judge has found facts which the jury did not, and thus usurped their peculiar province.' *Lake v. Hardee,* 57 Ga. 459, 466 (2). See also *Law v. Coleman,* 173 Ga. 68 (159 SE 679)." *Fried v. Fried,* 208 Ga. 861 (3) (69 SE2d 862).

The decree of the court not only failed to follow, but made substantial changes in, the verdict of the jury, in that the decree eliminated from the verdict a finding in favor of the plaintiff for $500 punitive damages and for $500 attorney's fees and substituted a judgment in favor of the defendants. Such changes were matters of substance, and beyond the power of the judge. If the judge was not satisfied that the verdict as returned was proper, before receiving the verdict he could have required the jury to return to the room and correct its verdict under proper instructions from the court (*Jordan v. Downs,* 118 Ga. 544, 45 SE 439; *Lowery v. Morton,* 200 Ga. 227, 229, 36 SE2d 661); or, after the verdict was received and recorded and the jury dispersed, he could have granted a new trial (*Smith v. Pilcher,* 130 Ga. 350, 355, 60 SE 1000); but he was without power by the decree thus to change and modify the verdict after it had been received and recorded, and the jury had dispersed; accordingly, the trial court erred in granting the defendants' motion. What is stated herein is not to be construed as a ruling to the effect that the common-law remedy of a motion to set aside a verdict and judgment based on matters not appearing on the face of the record and which do not involve the merits of the verdict will not lie. The

decisions on this question are in conflict. The writer, speaking for himself alone, is of the opinion that the General Assembly should enact legislation on this subject to clear up the confusion that exists.

*Judgment reversed. Bell and Hall, JJ., concur.*