69433. JOE YATES BUILDERS, INC. v. TYSON et al.
(327 SE2d 234)

CARLEY, Judge.

Appellees Charles R. and Vickie Tyson contracted with appellant for the construction of a house. Certain materials which were used to build the house were supplied to appellant by Poole Hardware & Supply Company. Prior to the completion of the construction, Mr. and Mrs. Tyson terminated their contract with appellant, refused to

pay appellant the full contract price, and finished the work themselves. Thereafter, the partners who were doing business as Poole Hardware & Supply Company (Poole) instituted the instant suit against appellant and the Tysons, seeking to collect a balance of $4801.81 due for materials which were used in the construction of the house. A materialman's claim of lien for that amount had previously been filed on the real property which was the Tysons' construction site. Appellant answered Poole's complaint and filed a cross-claim against Mr. and Mrs. Tyson for sums allegedly owed it for work done on the house. The Tysons answered Poole's complaint, but they did not file a cross-claim against appellant.

A consent judgment was entered against appellant in favor of Poole in the amount of $4801.81. The remaining claims proceeded to trial. A special verdict form to which the parties had given their prior consent was submitted to the jury. Utilizing that form, the jury found in favor of Poole against Mr. and Mrs. Tyson for a special lien against their property in the amount of $4801.81. Additionally, the jury found for appellant on the cross-claim against the Tysons, and awarded appellant $7318.77. No objection was made to the form of the verdict as returned by the jury. Judgment in rem was duly entered, foreclosing the lien in favor of Poole on the Tysons' property in the amount of $4801.81. A separate judgment in personam in the principal amount of $7318.77 was entered in favor of appellant against the Tysons.

Subsequently, an order denying the Tysons' motion for new trial was entered by the trial court. In addition to denying that motion, the order further stated "that there appear[ed] some duplication in the [previous two orders of judgment] and direct[ed] that amounts included in the lien of Poole Hardware [were] inclusive in the award to Joe Yates Builders, Inc. and that Joe Yates Builders, Inc. [was] barred from attempting to collect any portion of this judgment of $4801.81, [the] amount [of the] lien." Appellant appeals from that part of the order which bars it from attempting to collect a portion of its $7318.77 judgment against the Tysons.

Appellant contends that the trial court erred in entering an order amending the jury's verdict in a matter of substance after the jury had dispersed. See OCGA § 9-12-7. As previously noted, the jury awarded a special lien in favor of Poole and monetary damages in favor of appellant. The entry of one judgment in rem against the Tysons' property and one judgment in personam against Mr. and Mrs. Tyson accurately reflected the verdict actually rendered. The subsequent order, which was characterized by the trial court as a "clarification," effectively reduced the amount of appellant's judgment by more than half. Thus, this order constituted an amendment of the jury's verdict in a matter of substance. See generally *Parrish Bakeries of Ga. v. Wiseman Baking Co.*, 104 Ga. App. 573 (122 SE2d

260) (1961). The verdict rendered by the jury was not ambiguous and did not indicate any intent to reduce appellant's award by the amount of the lien which was awarded in favor of Poole, nor was any such intent apparent from the record of the proceedings in the case. Compare *Gateway Leasing Corp. v. Heath*, 168 Ga. App. 858, 861 (5) (310 SE2d 549) (1983). Moreover, the verdict was not so contradictory and repugnant as to be void. Compare *Thompson v. Ingram*, 226 Ga. 668, 671 (2) (177 SE2d 61) (1970).

"After the dispersal of the jury the judge has no power either to add to or take from their findings, and has not the power, by amendment or reformation, to supply substantial omissions or make substantial changes in the verdict as rendered by the jury. [Cits.] Nor can the trial judge accomplish the same result as amending the verdict in [a] matter of substance by entering a [judgment] different from the verdict of the jury, thereby eliminating certain substantial findings of the verdict, and substantially modifying or changing other findings of the jury . . . . If the judge [is] not satisfied that the verdict as returned [is] proper, before receiving the verdict he [can require] the jury to return to the room and correct its verdict under proper instructions from the court ([cits.]); or, after the verdict [is] received and recorded and the jury dispersed, he [can grant] a new trial ([cit.]); but he [is] without power by the [judgment or by subsequent order] thus to change and modify the verdict after it [has] been received and recorded, and the jury [has] dispersed." *Fried v. Fried*, 208 Ga. 861-862 (3) (69 SE2d 862) (1952). See also *Morris v. Morris*, 242 Ga. 591 (2) (250 SE2d 459) (1978). Accordingly, the trial court in the instant case erred in entering an order which purported to amend the jury's verdict by barring appellant from attempting to collect a portion of its judgment against the Tysons.

Appellees Mr. and Mrs. Tyson argue that the trial court's order was justified because its purpose was to preclude their potential exposure to double liability for the value of the materials used to build their home. In this regard, we note that although appellant's crossclaim against the Tysons exceeded $11,000, the jury awarded appellant only $7318.77. Since it is possible that the jury took the amount of the lien into consideration when determining the amount of appellant's award, we cannot say as *a matter of law* that potential exposure to double liability exists. In any event, the scope of this appeal is limited by the procedural posture of the case. We hold only that the entry of the unauthorized order of "clarification" was erroneous.

That portion of the trial court's order which purports to amend the jury's verdict is reversed. The remainder of the order has not been challenged.

*Judgment reversed in part and affirmed in part. Birdsong, P. J., and Beasley, J., concur.*

DECIDED FEBRUARY 26, 1985.

*David T. Emerson*, for appellant.
*Robert A. Kunz, Wallace C. Clayton*, for appellees.