76012, 76013. FORCE v. McGEACHY; and vice versa.
(368 SE2d 777)

BIRDSONG, Chief Judge.

Appellant, Michael J. Force, filed an application for discretionary appeal which was granted on September 17, 1987. Appellant filed a notice of appeal on September 25, 1987, and appellee/cross-appellant, Francis L. McGeachy, filed a cross-appeal on October 9, 1987.

Jessie A. Wood bought a 1976 BMW automobile from his cousin; the odometer was broken on the vehicle when he bought it. He later

sold the car to Deborah A. Upthegrove-Nicholls. She sold the car a year later to the appellant Force. The odometer was still broken, and she informed the appellant that it had not worked when she bought the car. Subsequently, appellant Force sold the car to appellee McGeachy. Appellee test drove the car and observed that the odometer did not work, but appellant's conversation caused the appellee to believe that the odometer had not been broken too long. When he subsequently signed the certificate of title to the vehicle, appellant wrote that the odometer reading was 80,800, and, thus, certified on the face of the document that to the best of his knowledge this was the vehicle's actual mileage. Although the same section of the certificate of title contained two exceptions, one of which read that "[t]he odometer reading is not the actual mileage. CAUTION: ODOMETER DISCREPANCY," appellant did not check either exception in the box provided on the certificate.

Appellee subsequently obtained information that the odometer probably had been broken for a longer period of time than indicated, and attempted to no avail to rescind the contract with appellant.

Appellee brought suit against appellant for violating state and federal odometer statutes. OCGA § 40-8-5; 15 USC §§ 1981-1991. Appellee's subsequent motion for partial summary judgment was granted in part and denied in part by the court. The trial court determined that appellant was in violation of OCGA § 40-8-5 (a) and (c), but held that the question of whether appellee was entitled to recover from the appellant under either 15 USC §§ 1981-1991 or OCGA § 40-8-5 (g) (1) presented a jury question. In so ruling, the trial court concluded that although intent to defraud is not a necessary element of an OCGA § 40-8-5 violation, it is an essential element of the federal violation and is required to support an award of damages under OCGA § 40-8-5 (g) (1).

Appellant judicially admitted that when he signed the certificate of title he wrote thereon that the odometer registered 80,800 miles; that the odometer was not operating when he bought the car; and, that 80,800 was not the actual mileage of the vehicle. However, appellant denied any intent to defraud appellee, and maintained that he believed he was only certifying that the odometer reading on the vehicle was 80,800 rather than certifying to the actual mileage of the car. Appellant further testified that he did not check either of the exception boxes because he did not see them on the form, and that he filled out the form in accordance with the notary's instructions. Appellant also asserted that he did not know how long the odometer had been broken. In rebuttal, appellee testified that appellant did not tell him that the odometer had been broken before he got the car.

On June 30, 1987, the jury returned a verdict (filed that same day) finding that appellant had defrauded appellee, that appellant

was liable to the appellee in the amount of $-0-, and that appellee was not entitled to "expenses of litigation."

The following enumerated errors merit discussion. *Held*:

1. Appellant enumerates as errors that the court erred in its order and judgment in which it overruled and denied appellant's motion to set aside the judgment made and entered in this case, which was contrary to the jury's verdict finding no damages; and, that the court erred in its judgment, which is contrary to the jury verdict.

OCGA § 40-8-5 (g) and 15 USC § 1989 (a) provide that any person who with intent to defraud violates the pertinent statutory odometer requirements shall be liable for three times the amount of actual damages sustained, or $1,500, whichever is the greater, *and* in the case of any successful action to enforce this liability the "costs of the action," *together with reasonable attorney fees as determined by the court*. The jury was given the following charge concerning these statutory requirements: "I instruct you that no seller of any automobile shall give a false statement to a buyer of said automobile as to the cumulative mileage registered on the odometer. If any person violates the aforesaid requirement with the intent to defraud, said person shall be liable in an amount equal to the sum of: one, three times the amount of actual damages sustained or $1,500, whichever is greater; and, two, in the case of any successful action to enforce the foregoing liability, the cost of the action together with the reasonable attorney fees as determined by the Court."

Notwithstanding this charge the jury found that appellant had defrauded the appellee but declined to award any damages or expenses of litigation. After the jury was polled, a bench conference was held and the jury was dismissed thereafter by the trial judge. Following the departure of the jury, appellee McGeachy made an immediate motion (labeled as a renewal of a motion that apparently had been made at the bench conference) "that the Court direct the jury to make" the statutory required damage award. The trial judge took the motion under advisement, and clarified on the record that he had directed appellee's counsel "to direct the motion not in the presence of the jury," as the issue required correction by the court if meritorious.

Subsequently, on July 1, 1987, the trial judge entered judgment in the case at bar; finding that the jury violated 15 USC § 1989 (a) and OCGA § 40-8-5 (g) by awarding no damages to the appellee after finding that the appellant had "intentionally defrauded" him. The trial judge, citing as authority OCGA § 9-12-5, proceeded to "mold the verdict so as to do full justice to the parties" by entering judgment in favor of the appellee and against the appellant in the sum of $1,500, and assessed costs of the action against appellant.

It is clear that the jury's verdict did not fully conform to the law, as they found that the appellant had defrauded the appellee but nev-

ertheless declined to award damages in direct contravention of the terms of both the federal and state odometer statutes and of their charge by the trial court. The trial court could have determined that the jury's verdict does not cover the issue of damages submitted, and then, in the exercise of his discretion, corrected this procedural deficiency by giving the jury additional instructions and permitting it to consider the case again and save the parties the expense of another trial. See generally *Department of Transp. v. Worley,* 150 Ga. App. 768 (8) (258 SE2d 595); Davis & Shulman's, Georgia Practice & Procedure, 5th ed., § 22-2, p. 464. In fact, this in essence is the relief sought at trial by the appellee. However, the trial judge directed appellee's counsel not to make a motion for relief until after the jury was no longer present and then dismissed the jury before the proper motion could be made.

Under the provisions of OCGA § 9-12-9, the judgment and execution shall conform to the verdict. And, "[i]n a proper case, the superior court may mold the verdict so as to do full justice to the parties in the same manner as a decree in equity." OCGA § 9-12-5. However, this "molding" authority is not without limits. Thus, while a verdict in certain circumstances may be " 'reformed or remodeled in the presence of the jury before they have retired from the box,' " *Suber v. Fountain,* 151 Ga. App. 283, 291 (259 SE2d 685), once the jury has dispersed "the [trial] judge has no power either to add to or to take from their findings, and has not the power, by amendment or reformation, to supply substantial omissions or make substantial changes in the verdict as rendered by the jury. . . . Nor can the trial judge accomplish the same result as amending the verdict in matter of substance by entering a decree different from the verdict of the jury, thereby eliminating certain substantial findings of the verdict, and substantially modifying or changing other findings of the jury." *Parrish Bakeries v. Wiseman Baking Co.,* 104 Ga. App. 573, 575 (122 SE2d 260); accord *Joe Yates Bldrs. v. Tyson,* 173 Ga. App. 548, 550 (327 SE2d 234), citing *Fried v. Fried,* 208 Ga. 861 (3) (69 SE2d 862). Further, a verdict "may not be amended in matter of substance" after it has been received and recorded and the jury has dispersed. OCGA § 9-12-7. And, this prohibition remains "even if it appears that the jurors intended to find liability against the proper party." *Harrell v. Bank of the South,* 174 Ga. App. 384, 386 (330 SE2d 147). In this case, the trial judge attempted to amend the jury's verdict, after they had dispersed, regarding a matter of substance, the award of damages. This action exceeded the authority vested by law in the trial judge to "mold" the verdict, and thus cannot be sustained.

In view of our disposition of this issue, appellant's other enumerations of error need not be addressed. However, in the interests of judicial economy, we will consider the two enumerations of error con-

tained in the appellee's cross-appeal in order to provide the parties with timely guidance concerning these matters.

2. Appellee/cross-appellant enumerates two errors in his cross-appeal, both of which present issues of first impression for this court. The first enumerated error is that the court erred in not awarding the cross-appellant at least $3,000 in damages, as he is entitled to recover the statutory minimum of $1,500 damages under both the federal and the state odometer statutes.

In the case at bar, we find that it was the same course of conduct by the appellant/cross-appellee which gave rise to both the federal and state odometer statute violations. The damage provisions of both statutes, OCGA § 40-8-5 (g) and 15 USC § 1989 (a), *mandate* the award of treble the amount of actual damages or $1,500, whichever is greater, whenever the statutory requirements of the legislation are violated with the intent to defraud. Also, 15 USC § 1989 (b) expressly confers jurisdiction over actions brought under 15 USC § 1989 (a) to the United States district courts and to "any other court of competent jurisdiction."

We believe that these two substantially similar consumer protection laws, although one is state and the other federal, share a similar general purpose. That purpose is "to insure good faith dealing in the automobile industry, to establish safeguards for the protection of the public and to punish odometer tamperers." See generally *Gonzales v. Van's Chevrolet*, 498 FSupp. 1102, 1106 (D.C. Del. 1980); see also *Kantorczyk v. New Stanton Auto Auction*, 433 FSupp. 889, 893-894 (D.C. Penn. 1977).

However, nothing on the face of either statute warrants a conclusion that it was intended that a successful consumer litigant, in effect, could reap the benefit of six times the amount of actual damages suffered or a minimum award of $3,000 merely because he asserts in a state judicial forum causes of action, arising from the same general course of conduct, under both the federal and the state odometer law. Such a result would vest the consumer with a major windfall, and one that is not needed to advance the legislative purpose behind the odometer statutes. Moreover, double recovery of this nature would appear to conflict with the general rule that double recovery of damages is not permitted. Cf. *Davis v. Davidson*, 175 Ga. App. 451 (1) (333 SE2d 648) (recognizing but distinguishing the case facts from the general rule), citing *Phillips v. State Farm Mut. Auto. Ins. Co.*, 121 Ga. App. 342, 345 (173 SE2d 723). Accordingly, we conclude that appellee/cross-appellant's first enumerated error is without merit.

3. Appellee/cross-appellant's second enumerated error is that the trial court erred in not awarding the cross-appellant attorney fees.

In this case, the trial judge submitted the question of award of expenses of litigation to the jury, which declined to make such an

award to the cross-appellant. Thereafter, the trial judge in his attempt to "mold" the jury verdict elected to award the cross-appellant the costs of the action but not attorney fees. The decision not to award attorney fees was made in the face of uncontradicted testimony by another member of the legal profession that the reasonable value of the cross-appellant's services in this case was $1,200 or $1,800.

First, we find that both OCGA § 40-8-5 (g) (1) and 15 USC §§ 1989 (a) (2) on their face require the trial court and not the jury to determine reasonable attorney fees and to award costs of the action whenever the litigation to enforce the odometer statutes is successful.

Further, we find that both OCGA § 40-8-5 (g) (1) and 15 USC § 1989 (a) (2) on their face *mandate* that *reasonable attorney fees* be awarded in the case of any successful action to enforce the odometer statutes. See *Fleet Investment Co. v. Rogers*, 505 FSupp. 522, 523-524 (D.C. Okla. 1980) (Congress specifically provided that any person found to be violating the odometer requirement of (15 USC § 1981-1991) would be liable for " 'the costs of the action together with reasonable attorney fees as determined by the Court' "); see also *Hall v. Riverside Lincoln Mercury-Sales*, 499 NE2d 156, 161 (Ill. App. 1986) (mandatory attorney fees are a necessary part of the federal odometer Act); but compare *Hathcock v. G&M Bldrs.*, 601 F2d 846, 850-851 (5th Cir. 1979) (even when attorney fees are authorized by the federal odometer statute whether such fees will be awarded is discretionary with the trial judge).

We believe that mandatory attorney fees are a necessary part of the federal and state statutes "as few attorneys would otherwise actively pursue cases under [these Acts] given the likelihood of small damages awards." *Hall v. Riverside Lincoln Mercury-Sales*, supra at 161. Moreover, "[i]f this court sets a precedent awarding attorneys' fees in such a niggardly fashion as to discourage from handling this type of litigation the kind of lawyers we want in . . . court, then we will have aborted the purpose of the [legislature] in passing the legislation." *Gimarc v. Neal*, 417 FSupp. 129, 131 (D.C. S.C. 1976). Accordingly, we find that the trial judge erred in refusing to award any attorney fees whatsoever to the cross-appellant's counsel. However, we hasten to add that as the amount awarded as attorney fees "is within the sound discretion of the trial court" we will not reverse an actual fee award absent a showing of abuse of discretion. *Hall v. Riverside Lincoln Mercury-Sales*, supra at 161.

It should also be noted that in the event that this case is retried in whole or in part (see, e.g., *Anthony v. Anthony*, 143 Ga. App. 691, 694 (240 SE2d 167)), and if the cross-appellant should once more be successful, his counsel would be entitled to an award of reasonable attorney fees based not only on all proceedings prepared for and conducted at the trial court level but based on his representation of his

client at the appellate level as well. See *Fleet Investment Co. v. Rogers*, supra at 524; *Gonzales v. Van's Chevrolet*, supra at 1106. And, the trial court "has the power and is the proper forum in which to determine reasonable attorney fees for services performed," including those on appeal. *Fleet Investment Co. v. Rogers*, supra at 524.

*Judgments reversed and remanded. Banke, P. J., and Beasley, J., concur.*

DECIDED APRIL 5, 1988.

*Alan B. Smith, J. Laddie Boatright*, for appellant.
*W. Douglas Adams*, for appellee.