A89A2309, A89A2354. ALLSTATE INSURANCE COMPANY v.
DURHAM; and vice versa.
(392 SE2d 53)

McMurray, Presiding Judge.

Bette H. Durham (plaintiff) brought an action against Allstate Insurance Company ("Allstate") to recover for fire losses which were allegedly covered under her Allstate homeowner's insurance policy. Allstate admitted that it issued a policy of insurance covering plaintiff's house in Fort Oglethorpe, Georgia and that plaintiff's house was severely damaged by fire on November 2, 1986, but denied liability for plaintiff's losses, claiming that the fire was the result of arson and that plaintiff made material misrepresentations of facts and circumstances in submitting her claim. Alternatively, Allstate claimed that any amount it paid toward mortgages on plaintiff's property "should be set-off from any amount demanded by the plaintiff in this Complaint."

The case was tried before a jury and the evidence revealed that plaintiff's homeowner's insurance policy limits were $77,000 for the dwelling house and $53,900 for personal property; that plaintiff attempted to sell her house before the fire for $58,900; that plaintiff lost a substantial amount of personal property as a result of the fire and that plaintiff's dwelling house had to be razed as a result of the fire. The evidence also revealed that there were two outstanding security instruments encumbering plaintiff's real property and that Allstate received assignments of these instruments after paying the remaining balance of $25,632.44 on the underlying debts. The jury returned its verdict, finding as follows: "House $58,900.00 less loan $25,632.44 Total $33,267.56  Contents $17,732.44  Grand Total $51,000.00  No bad faith on Ins. Co.  No Lawyer Fees  No charge on Mr. Owen Mrs. Betty H. Durham will retain the lot on which the house was on."

After the verdict was published and the jury dismissed, plaintiff's attorney made the following objection: "Your Honor, prior to the jury going out, at the bench, we did raise the objection to the form of the verdict in that the value for the house was set at less than seventy seven thousand dollars which is the stipulated amount in the policy. Under the statute, we would submit that — that the stated amount in the policy is taken as the conclusive value of the house and would object to the form of the verdict on that basis." The trial court over-

ruled this objection and plaintiff subsequently filed a "MOTION TO CONFORM VERDICT AND JUDGMENT." In support thereof, plaintiff argued that Allstate should not be allowed to set-off the amount it paid for the assignments of the security instruments and that she should be allowed to recover the face amount of the policy for the loss of her house. In response, the trial court entered a *"JUDGMENT"* which provided, in pertinent part, as follows: "THE COURT HEREBY FINDS that the uncontradicted evidence presented in the trial of this case established that the plaintiff's dwelling was totally destroyed by the fire which occurred therein on November 2, 1986. THE COURT FURTHER FINDS that this dwelling was insured under the policy of insurance issued to the plaintiff by [Allstate] in the amount of SEVENTY-SEVEN THOUSAND DOLLARS ($77,000.00).

"Pursuant to O.C.G.A. Sect. 33-32-5 (a) the jury, having decided to return a verdict for the plaintiff, was required to return a verdict in the amount of $77,000.00 as compensation for the loss of plaintiff's dwelling. However, the verdict actually returned by the jury specified the amount of FIFTY-EIGHT THOUSAND NINE HUNDRED DOLLARS ($58,900.00) as plaintiff's award for the loss of her dwelling. This amount being incorrect as a matter of law, it is the ORDER OF THE COURT that the verdict of the jury specifying $58,900.00 as an award to the plaintiff for the loss of her dwelling shall be and is HEREBY MODIFIED such that the plaintiff shall be awarded the amount specified in the policy of insurance, to wit: $77,000.00 for the loss of the plaintiff's dwelling." The trial court allowed this amount to be reduced by "*$25,632.44* for mortgage payments expended on plaintiff's behalf . . ."; awarded plaintiff "sole and exclusive title . . ." to the remaining real property; declared that "any lien or encumbrance held on this property by or on behalf of [Allstate is] satisfied by the verdict of the jury . . ." and directed that the security instruments encumbering said property be marked satisfied.

Allstate filed a direct appeal in Court of Appeals Case No. A89A2309, contending that "[t]he trial court erred in entering an Order which increased the jury's verdict in a matter of substance after the jury had been [dispersed]." Plaintiff filed a cross-appeal in Court of Appeals Case No. A89A2354, contending that the trial court erred in failing to further modify the jury's verdict and strike from the verdict rendered "the reference to the loan amount of $25,632.44, and the deduction of such amount from the total amount awarded" to plaintiff. *Held*:

"Under the provisions of OCGA § 9-12-9, the judgment and execution shall conform to the verdict. And, '(i)n a proper case, the superior court may mold the verdict so as to do full justice to the parties in the same manner as a decree in equity.' OCGA § 9-12-5. However,

this 'molding' authority is not without limits. Thus, while a verdict in certain circumstances may be ' "reformed or remodeled in the presence of the jury before they have retired from the box,' " *Suber v. Fountain*, 151 Ga. App. 283, 291 (259 SE2d 685), once the jury has dispersed 'the (trial) judge has no power either to add to or to take from their findings, and has not the power, by amendment or reformation, to supply substantial omissions or make substantial changes in the verdict as rendered by the jury. . . . Nor can the trial judge accomplish the same result as amending the verdict in matter of substance by entering a decree different from the verdict of the jury, thereby eliminating certain substantial findings of the verdict, and substantially modifying or changing other findings of the jury.' *Parrish Bakeries v. Wiseman Baking Co.*, 104 Ga. App. 573, 575 (122 SE2d 260); accord *Joe Yates Bldrs. v. Tyson*, 173 Ga. App. 548, 550 (327 SE2d 234), citing *Fried v. Fried*, 208 Ga. 861 (3) (69 SE2d 862). Further, a verdict 'may not be amended in matter of substance' after it has been received and recorded and the jury has dispersed. OCGA § 9-12-7. And, this prohibition remains 'even if it appears that the jurors intended to find liability against the proper party.' *Harrell v. Bank of the South*, 174 Ga. App. 384, 386 (330 SE2d 147)." *Force v. McGeachy*, 186 Ga. App. 781, 783 (1), 784 (368 SE2d 777).

In the case sub judice, the trial court's modification of the jury's verdict after dispersal was a modification of substance. Consequently, the trial court erred in increasing the amount of damages for the loss of plaintiff's home to $77,000. However, the trial court did not err in refusing to modify the jury's set-off of $25,632.44 as this would have been an unauthorized "molding" of the jury's verdict.

*Judgment reversed in Case No. A89A2309. Judgment affirmed in Case No. A89A2354. Carley, C. J., concurs. Beasley, J., concurs specially.*

BEASLEY, Judge, concurring specially.

The special verdict form simply showed "house $58,900.00." It did not show that the jury found that "plaintiff's house was valued at $58,900." This is significant because the core of the substantive dispute with respect to the verdict is whether there was any evidence to support a finding that the house was not "totally destroyed by fire."

If the evidence were conclusive that the house was totally destroyed by fire, then the jury could not have awarded anything other than $77,000 pursuant to OCGA § 33-32-5, as a matter of law. It would not have been authorized to award only the value of the house, or more accurately, the actual value of the loss. Because of the evidence of market value, the trial court apparently concluded that the jury had erroneously ascribed value rather than the policy's face amount in its verdict.

If, on the other hand, the evidence were in conflict with regard to whether destruction by fire was total or only partial, then the jury's award of $58,000 for the loss to the dwelling was supported and plaintiff was not entitled as a matter of law to the face amount of the policy. (The jury apparently did not consider the razing to constitute destruction by fire.)

Procedurally, the question was not properly raised or ruled on in the trial court. As correctly ruled by the majority, OCGA § 9-12-7 limits the applicability of OCGA § 9-12-5, and the latter does not fit the circumstances. Even if the evidence had demanded a finding of "total destruction," the remedy with respect to a verdict which found otherwise would not be a nonconforming judgment.

The court could have directed a verdict or given judgment notwithstanding the verdict in this regard, had plaintiff made such motions. The court could have returned the jury to its deliberations with proper instructions as plaintiff apparently sought but the court rejected, which rejection is not enumerated as error. The court could have granted a new trial, sua sponte or on motion by plaintiff. The method chosen by plaintiff to complain of the verdict was inappropriate, and plaintiff must be satisfied with recovery of the value she placed on the encumbered dwelling including the land, reduced by the amount of the encumbrances but excluding the value of the land.

DECIDED MARCH 14, 1990.

*Webb, Carlock, Copeland, Semler & Stair, Dennis J. Webb, William E. Zschunke,* for appellant.

*Gleason & Davis, John W. Davis, Jr., David J. Dunn, Jr.,* for appellee.