712 A.2d 19

**GENEVA ENTERPRISES, INC.**

v.

**Catherine HARRIS.**

**No. 167, Sept. Term, 1997.**

Court of Special Appeals of Maryland.

June 24, 1998.

68

Brad D. Weiss (Sarah D. Jackowski and Charapp, Deese & Weiss, L.L.P., on the brief), Washington, DC, for Appellant.

Tilman Dunbar, Jr., Rockville, for Appellee.

Argued before MOYLAN and KENNEY, JJ., and MARVIN H. SMITH, Judge (retired), Specially Assigned.

KENNEY, Judge.

Appellant/cross-appellee, Geneva Enterprises, Inc. ("Geneva"), filed suit in the Circuit Court for Montgomery County against appellee/cross-appellant, Catherine Harris ("Harris"). Geneva's eight-count complaint alleged fraud, conspiracy to defraud, conversion, constructive conversion, interference with economic relations, conspiracy to interfere with economic relations, violation of 15 U.S.C. § 1984 (odometer tampering), and violation of 15 U.S.C. § 1986 (conspiracy to commit odometer tampering). Harris filed a separate complaint against Geneva, alleging breach of contract, conversion, false imprisonment,

false light invasion of privacy, and intentional infliction of emotional distress. The cases were subsequently consolidated in the circuit court and set for trial. Geneva filed a motion for summary judgment, addressing only the charges raised in Harris's complaint. The trial court granted the motion for summary judgment, and Harris's claims against Geneva were dismissed with prejudice.

The case was tried on May 6–7, 1996, and the jury found Harris liable to Geneva for conspiracy to defraud, conversion, and conspiracy to commit odometer tampering. The jury awarded Geneva $7,000 in damages for conspiracy to defraud and $8,000 in damages for conversion but did not award separate damages for conspiracy to commit odometer tampering. Geneva subsequently requested the court to award damages and attorney's fees for conspiracy to commit odometer tampering based on 15 U.S.C. § 1989, but the court denied this request. Similarly, the court denied Geneva's motion to alter or amend judgment, which requested the same relief. On appeal, Geneva raises one question, which we have rephrased:

Was Geneva entitled to an award of statutory damages and attorney's fees pursuant to 15 U.S.C. § 1989?

On her cross-appeal, Harris raises one question, which we have also rephrased:

Was Harris entitled to the opportunity to cross examine a witness concerning a settlement agreement between the witness and the opposing party?

With regard to Geneva's question, we hold that Geneva was entitled to an award of separate statutory damages and reasonable attorney's fees based on the jury's determination that Harris had conspired to commit odometer tampering. We hold that Harris's question is not preserved for our review.

## FACTS AND PROCEEDINGS

In September 1993, Harris went to Geneva's dealership in Montgomery County, Maryland to obtain a repair estimate for

her car, a Nissan Pulsar.[1] Harris spoke with Steve Smith, who was an inventory manager and salesperson for the dealership. After Smith informed her of the cost of the necessary repairs to her car, Harris explained that she could not afford to pay that amount. At this point, Smith told Harris that he could arrange to have her car repaired "outside the regular system," which would significantly reduce the cost of the repairs. Under this arrangement, Smith, in return for a cash payment made directly to him, agreed to coordinate the repair of Harris's car without sharing the money with Geneva, whose mechanics and facilities would be used to make the repairs. Harris accepted Smith's offer, and the car was repaired.

Shortly after Harris picked up her vehicle from the dealership, the engine caught on fire. Harris contacted Smith, who agreed to re-examine the car and make the necessary repairs. While the vehicle was being repaired, Smith, without authorization from Geneva, loaned Harris three of the dealership's vehicles for her own personal use. Harris used two of the vehicles for short periods of time, but she used the third vehicle, a Nissan Maxima, for approximately eight or nine months. To prevent Geneva from finding out that Harris had used this car, Smith, with Harris's knowledge and consent, disconnected the vehicle's odometer. When Geneva eventually discovered the ruse, it filed the suit that forms the basis of this appeal.

Prior to trial, Harris was informed that Geneva and Smith had entered into a settlement agreement. Pursuant to the terms of the settlement agreement, Smith's monetary obligations to Geneva were conditioned on his testimony in Harris's trial. If Smith testified "accurately and truthfully," Geneva agreed to reduce significantly the amount he was obligated to pay in damages that resulted from his actions. At trial, Harris argued that she was entitled to question Smith about the settlement agreement, because it gave him sufficient motivation to testify against her. Geneva responded that the

---

1. The dealership trades under the name Rosenthal Nissan.

agreement required only that Smith testify truthfully and that permitting Harris to question him about the agreement would undermine the policy of encouraging settlements. Ultimately, the court ruled that Harris could not question Smith concerning the agreement.

After the close of Harris's case, the court instructed the jury on all eight counts of Geneva's complaint, and Harris did not object to the application or substance of any of the instructions. The jury then proceeded to find Harris liable on three counts: conspiracy to defraud, conversion, and conspiracy to commit odometer tampering. The conspiracy to commit odometer tampering charge was based on 15 U.S.C. §§ 1984 and 1986 (the "Federal Odometer Statute").[2] Section 1984 provided that "[n]o person shall disconnect, reset, or alter or cause to be disconnected, reset, or altered, the odometer of any motor vehicle with intent to change the number of miles thereon." Section 1986 provided that "[n]o person shall conspire with any other person to violate section 1983, 1984, 1985, 1987, or 1988 of this title."

As we noted, the jury awarded Geneva $7,000 in damages for conspiracy to defraud and $8,000 for conversion but did not award any damages for conspiracy to commit odometer tampering. Geneva then requested the court to award separate statutory damages and attorney's fees for conspiracy to commit odometer tampering based on 15 U.S.C. § 1989(a), the penalty provision of the Federal Odometer Statute, which provided:

Any person who, with intent to defraud, violates any requirement imposed under this subchapter shall be liable in an amount equal to the sum of

(1) three times the amount of actual damages sustained or $1,500, whichever is greater; and

---

**2.** The provisions pertaining to odometer tampering in the Federal Odometer Statute, 15 U.S.C. § 1981 *et seq.*, were repealed on July 5, 1994 and are now codified at 49 U.S.C. § 32701 *et seq.* The substance of the statute was not changed.

(2) in the case of any successful action to enforce the foregoing liability, the costs of the action together with reasonable attorney fees as determined by the court.

After considering Geneva's argument, the court took the matter under advisement and asked both parties to submit memoranda of law in support of their respective positions. Geneva argued that an award of damages and attorney's fees was mandatory upon a finding of liability under the provisions of the Federal Odometer Statute. Harris countered that the federal statute did not apply in this context because it was promulgated to protect purchasers of automobiles and not automobile dealerships such as Geneva. On June 20, 1996, the court issued an order denying Geneva's request for separate statutory damages and attorney's fees, which stated:

The Plaintiff is not entitled to statutory damages pursuant to the statute because it was enacted primarily to protect purchasers or buyers of automobiles with speedometers or odometers that were tampered with. Plaintiff was not the purchaser of the vehicle at issue in this case. Plaintiff was the dealer or seller of the automobile.

On July 1, 1996, a second order was issued, which denied Geneva's request for attorney's fees. Geneva's subsequent motion to alter or amend judgment was also denied.

## I.

We first address the refusal to award Geneva separate statutory damages and reasonable attorney's fees. According to Geneva, the language of § 1989 clearly and unambiguously mandates an award of damages and attorney's fees to a plaintiff who brings a successful claim under the Federal Odometer Statute. Thus, Geneva contends that, once Harris was found liable for conspiracy to commit odometer tampering, it was automatically entitled to this relief.[3] We agree.

While it may not be inaccurate to say, as the trial court did, that the Federal Odometer Statute was enacted primarily to

---

3. Harris's brief did not address this question.

protect purchasers of automobiles, "to say that is the only purpose is to read both the language of the statute itself and its legislative history too narrowly." *Sarratore v. Longview Van Corp.*, 666 F.Supp. 1257, 1259 (N.D.Ind.1987). In fact, the "intent of Congress in enacting the Federal Odometer Statute clearly was to prohibit tampering with the odometers of motor vehicles *and* to provide safeguards for the protection of consumers purchasing motor vehicles." *Francesconi v. Kardon Chevrolet, Inc.*, 703 F.Supp. 1154, 1157 (D.N.J.1988), *aff'd*, 888 F.2d 18 (3d Cir.1989) (emphasis added); 15 U.S.C. § 1981. That the prohibition of odometer tampering was an important component of the statute is reflected by several sections of the statute, which were designed exclusively for this purpose.[4] *Id.* at 1157.

Congress also intended for civil actions by private citizens to be the primary method of enforcing the statute's provisions. *Glover v. General Motors Corp.*, 959 F.Supp. 332 (W.D.Va.1997); *Evans v. Paradise Motors, Inc.*, 721 F.Supp. 250 (N.D.Cal.1989). To encourage this pursuit, Congress included § 1989, which provided that "any person" who violated the statute's provisions would be liable for the greater of treble damages or $1,500 and reasonable attorney's fees. Courts having interpreted and applied § 1989 have concluded that the phrase " 'any person . . . shall be liable' indicates no intent to limit liability" to sellers of motor vehicles, but rather extends and imposes liability "upon any person violating the law." *Sarratore, supra*, 666 F.Supp. at 1260 (quoting *Stier v.*

---

4. In addition to 15 U.S.C. § 1984 already noted above, 15 U.S.C. § 1983 provides:

 No person shall advertise for sale, sell, use, or install, or cause to be installed, any device which causes an odometer to register any mileage other than the true mileage driven. For the purposes of this section, the true mileage driven is that mileage driven by the vehicle as registered by the odometer within the manufacturer's designated tolerance.

 15 U.S.C. § 1985 provides:

 No person shall, with intent to defraud, operate a motor vehicle on any street or highway knowing that the odometer of such vehicle is disconnected or nonfunctional.

*Park Pontiac, Inc.*, 391 F.Supp. 397 (S.D.W.Va.1975)). Moreover, an award of damages and reasonable attorney's fees is mandatory once a plaintiff brings a successful claim under the statute. See, *e.g.*, *Oettinger v. Lakeview Motors, Inc.*, 675 F.Supp. 1488 (E.D.Va.1988) (holding that, under § 1989, a successful plaintiff was entitled to recover costs, reasonable attorney's fees, and the greater of three times the amount of actual damages or $1,500); *Duval v. Midwest Auto City, Inc.*, 578 F.2d 721 (8th Cir.1978) (holding that statutory damages and attorney's fees accomplish the statute's remedial purpose); *Force v. McGeachy*, 186 Ga.App. 781, 368 S.E.2d 777 (1988) (holding that an award of damages and reasonable attorney fees are mandatory under § 1989); *Kostel Funeral Home, Inc. v. Duke Tufty Co.*, 393 N.W.2d 449 (S.D.1986) (holding that the requirements of § 1989 "are not permissive, they are mandatory").

▆▆▆ In the present case, Geneva filed a complaint, which alleged that Harris violated multiple provisions of the Federal Odometer Statute. Ultimately, the jury found that she did, indeed, violate the statute when she and Smith entered into a conspiracy to commit odometer tampering. Certainly, Harris is a "person" under the statute's provisions, and her conduct was the type the statute was specifically designed to punish, as it increased the likelihood that a vehicle with a tampered odometer would be placed in commerce by Geneva and transferred to an unsuspecting purchaser. In light of these facts and the applicable case law, we believe the liability contemplated by the statute is appropriate in this instance. Thus, we hold that, pursuant to § 1989, Geneva was entitled to an award of damages and reasonable attorney's fees. Because the jury found that Geneva suffered no actual damages as a result of the conspiracy to commit odometer tampering, the trial court should have awarded Geneva $1,500 in statutory damages. As to attorney's fees, we shall remand the case to the trial court to review the reasonableness of the fees requested and determine the appropriate amount of the award.

## II.

On her cross-appeal, Harris argues that the trial court erred when it refused her the opportunity to question Smith concerning his settlement agreement with Geneva. We hold that Harris failed to preserve this issue for appellate review.

Harris raised the issue of whether she would be permitted to question Smith concerning his settlement agreement with Geneva just prior to beginning her cross-examination. The court took the matter under advisement. When the court issued its ruling, the following exchange took place:

THE COURT: All right. Now, this is where I am going to rule.

The fact of the settlement agreement does not come in. But I am going to give a jury instruction about there could be more than one tortfeasor, that they have heard evidence that Mr. Smith has admitted liability, but do not think or take into your consideration anything about the fact that he is not on trial here today.

The law makes adjustments about that. I am going to do a jury instruction such as that. Under our case law, I am positive now that that is the way it should be handled.

And it really would be prejudicial to the defendant here, Ms. Harris . . .

[GENEVA]: That is correct.

THE COURT: . . . to let it in and it would also unduly confuse the jury and create jury issues that they do not need to think about.

[GENEVA]: That is correct, your Honor.

THE COURT: So that is my ruling. I will do a jury instruction explaining why Mr. Smith is not a defendant here today.

[GENEVA]: That would be very good. Thank you.

THE COURT: All right. Let us bring in the jury, then, and Mr. Smith should resume the stand.

[HARRIS]: Good work, Your honor. That was a tough one.

THE COURT: That was. A lot of difference of opinions here.

 "When a party has the option of objecting, his failure to do so is regarded as a waiver, estopping him from obtaining review of that point on appeal." *Fireman's Fund Ins. Co. v. Bragg*, 76 Md.App. 709, 719, 548 A.2d 151 (1988). In this case, the record indicates that Harris did not object to the trial court's ruling, which prevented her from questioning Smith about the settlement agreement. As a consequence of this failure to object, Harris waived her right to address this issue on appeal.

**JUDGMENT AFFIRMED IN PART AND REVERSED IN PART; CASE REMANDED TO THE CIRCUIT COURT FOR MONTGOMERY COUNTY FOR PROCEEDINGS CONSISTENT WITH THIS OPINION.**

**COSTS TO BE PAID BY APPELLEE.**