403 S.E.2d 17

STATE of West Virginia ex rel. BOARD OF EDUCATION, COUNTY OF KANAWHA, etc., et al., Petitioners Below,

Board of Education, County of Kanawha, Appellant,

v.

John F. McCUSKEY, Commissioner of Finance and Adm.; Glen B. Gainer, Jr., Auditor; Tom McNeil, State Superintendent of Schools.

No. 19611.

Supreme Court of Appeals of West Virginia.

March 15, 1991.

**616**

Rudolph L. DiTrapano, Rebecca A. Baitty, Melissa M. Hambrick, Lonnie C. Simmons, DiTrapano & Jackson, Charleston, for Kanawha County BOE.

Mario J. Palumbo, Atty. Gen., Jan L. Fox, Deputy Atty. Gen., Charleston, for John McCuskey, Glen G. Gainer, Jr., and Tom McNeil.

PER CURIAM:

The Board of Education of Kanawha County (Board) appeals from an order of the Circuit Court of Kanawha County, entered November 13, 1989, which reduced the Board's claim for attorney's fees from $44,104.31 to $18,275.00 and refused to award the $834.31 of expenses incurred by the Board during litigation. We reverse and remand the case for further proceedings consistent with this opinion.

On February 23, 1988, the Board filed a petition for a writ of mandamus in the Circuit Court of Kanawha County against several state officials (officials). The Board requested the circuit court to compel the officials to promptly pay overdue monies owed the Board from the State Department of Education for State Aid to Schools Fund and to prohibit these officials from authorizing the expenditure of these funds for any other purpose. After nine days of hearings, the circuit court entered an order, dated April 21, 1988, granting the Board's request for a writ of mandamus. Within a few months, the officials fell behind on these payments. On June 2, 1988, the Board filed a petition for mandamus in this Court to compel the officials to comply with the circuit court's order of April 21, 1988. We granted a rule to show cause, but the matter was resolved before the return day.

In an unpublished order dated December 9, 1988, we dismissed the mandamus action, but found that the Board was entitled to make "an application for appropriate and reasonable attorney fees." Initially, the Board filed an itemized bill for attorney fees and expenses with this Court. We granted the portion of the bill that related to fees and expenses incurred on the appellate work, but remanded the remaining amount of the bill to the circuit court for a determination of whether the fees were reasonable.

Accordingly, the Board submitted a bill for legal services and expenses with the circuit court. The bill indicated that several attorneys had worked on the case for a total of 365.5 hours. The senior attorney billed at a rate of $175 per hour for approx-

imately twenty-five hours of work. The majority of the bill reflected the work of two attorneys who had hourly rates of $125 and $100, respectively. The bill totaled $44,104.31 for attorney fees, plus $834.31 for expenses. By the time a hearing was held on the matter, the Board had fully compensated the law firm.

In an order dated December 22, 1988, the circuit court found that the fees charged were unreasonable and reduced the hourly rate for all attorneys to $50 per hour, totaling $18,275. The circuit court did not authorize payment for the $834.31 in expenses.

In *Nelson v. West Virginia Public Employees Insurance Board*, 171 W.Va. 445, 300 S.E.2d 86 (1982), we held that in a mandamus proceeding where a public officer willfully fails to obey the law, attorney fees and costs should be awarded. However, we have also recognized that "where attorney's fees are sought against a third party, the test of what should be considered a reasonable fee is determined not solely by the fee arrangement between the attorney and his client." *Aetna Casualty & Sur. Co. v. Pitrolo*, 176 W.Va. 190, 195, 342 S.E.2d 156, 161 (1986). Thus, the Board's act of paying the law firm for its services is not determinative of the amount that can be collected in this proceeding.

■ We summarized the test for assessing reasonable attorney fees in Syllabus Point 4 of *Aetna:*

"Where attorney's fees are sought against a third party, the test of what should be considered a reasonable fee is determined not solely by the fee arrangement between the attorney and his client. The reasonableness of attorney's fees is generally based on broader factors such as: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, rep-

utation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases."

In *Casteel v. Consolidation Coal Co.*, 181 W.Va. 501, 383 S.E.2d 305 (1989), two attorneys charged an hourly rate of $150, and the trial court approved a compromise rate of $130 and $110, respectively. The party who was required to pay the fee challenged the compromise rate. We affirmed, citing with approval *Bishop Coal Co. v. Salyers*, 181 W.Va. 71, 380 S.E.2d 238 (1989), where we approved a rate of $110 an hour.

■ In this case, the judge clearly abused his discretion in reducing the attorney fees to $50 per hour. After reviewing the record, we find there may have been some duplication of effort by the various attorneys. After adjusting the bill for this duplication, we believe the appropriate fee is $31,000, plus an award of $834.31 for expenses.

Rather than remand this case for further hearings on this matter, we reverse the final order of the Circuit Court of Kanawha County and remand the case with directions that an order be entered granting the Board a judgment of $31,834.31.

Reversed and Remanded With Directions.