403 S.E.2d 774

**Aaron E. RICE, Jr. and Donna Rice, Plaintiffs Below, Appellants,**

v.

**MIKE FERRELL FORD, INC., a corporation; and Robert Bridges, Individually, Defendants Below, Appellees.**

No. 19561.

Supreme Court of Appeals of West Virginia.

Submitted Jan. 9, 1991.

Decided April 1, 1991.

Bradley J. Pyles, Marcelle St. Germain, Crandall & Pyles, Logan, for appellants.

W. Bernard Smith, Logan, for appellees.

PER CURIAM:

This case is before this Court upon the appeal of Aaron and Donna Rice from an order of the Circuit Court of Logan County entered on May 8, 1989, which limited their award of attorneys' fees to $1,666.66, and denied reimbursement of litigation expenses. The appellants contend that the trial court abused its discretion by failing to award reasonable attorneys' fees in their successful action against the appellees, Mike Ferrell Ford, Inc. and Robert Bridges.[1] We agree that the appellants are entitled to reasonable attorneys' fees, and we reverse and remand this case to the circuit court to determine a reasonable value of the attorneys' services.

The appellants initiated an action against the appellees for breach of contract on January 7, 1986. The appellants alleged in their complaint that the appellees had violated the Motor Vehicle Information and Cost Savings Act (Odometer Act), 15 U.S.C. §§ 1981–1991 (1988) the Magnuson–Moss Warranty—Federal Trade Commission Improvement Act (Magnuson–Moss Act), 15 U.S.C. §§ 2301–2312 (1988), and the West Virginia Consumer Credit and Protection Act, *W. Va. Code*, §§ 46A–1–101 to 6–109 (Supp.1990) by fraudulently misrepresenting to the appellants the actual mileage of a 1984 Ford SVO Mustang purchased by the appellants from the appellees. One of the appellees, Mike Ferrell Ford, Inc., filed a separate action against the appellants seeking to recover an alleged deficiency of $8,149.20, plus interest.

Following extensive discovery and four continuances of the trial over the objection of the appellants, the trial began on No-

---

1. The original complaint named Ford Motor Credit Company as one of the defendants. However, the complaint was amended on No-vember 24, 1987, and Ford Motor Credit Company was dropped as a defendant.

vember 3, 1988. After a three-day trial, the jury returned a verdict in favor of the appellants in the amount of $5,000. The jury also denied Mike Ferrell Ford, Inc. any recovery on its claim against the appellants.

The appellants then filed a motion for attorneys' fees and costs in the amount of $34,810. Although the circuit court did not question any of the time certified by the appellants' counsel to have been spent on this case, the circuit court, by order entered on May 8, 1989, ruled that the appellants' counsel was entitled to attorneys' fees in the amount of $1,666.66, and denied the amounts claimed by the appellants as expenses for depositions and transcripts. This matter is now before this Court upon the appeal of that order.

The principal issue in this appeal is whether the trial court abused its discretion in limiting the appellants' recovery of attorneys' fees to one third of the appellants' recovery, in failing to award attorneys' fees at a reasonable hourly rate, and in denying reimbursement for litigation expenses. The appellants contend that under the Magnuson–Moss Act, 15 U.S.C. § 2310(d)(2) (1988), the Odometer Act, 15 U.S.C. § 1989(a)(2) (1988), and the West Virginia Consumer Credit and Protection Act, 46A–6–101 [1974], the appellants are allowed to recover reasonable attorneys' fees. The appellees assert, among many cross assignments of error, that the trial court erred in allowing any attorneys' fees without ascertaining whether the basis of the jury's award was upon a statute authorizing fees.[2]

*W.Va.Code*, 46A–6–101(1) [1974] provides some guidance to the legislature's intent in enacting the West Virginia Consumer Credit and Protection Act:

(1) The legislature hereby declares that the purpose of this article is to complement the body of federal law governing unfair competition and unfair, deceptive and fraudulent acts or practices in order to protect the public and foster fair and honest competition. It is the intent of the legislature that, in construing this article, the courts be guided by the interpretation given by the federal courts to the various federal statutes dealing with the same or similar matters. To this end, this article shall be liberally construed so that its beneficial purposes may be served.

The legislature specifically declares in *W.Va.Code*, 46A–6–101(1) [1974], that the interpretations given by the federal courts to the federal statutes dealing with unfair, deceptive and fraudulent acts or practices, such as the Magnuson–Moss Act and the Odometer Act, should be used as guidelines by the courts in construing the West Virginia Consumer Credit and Protection Act. In the case before us, we are concerned with the federal courts' interpretation of those provisions of the Magnuson–Moss Act and the Odometer Act which authorize the recovery of attorneys' fees in successful actions brought under those statutes.

Under the Magnuson–Moss Act, 15 U.S.C. § 2310(d)(2) (1988), and the Odometer Act, 15 U.S.C. § 1989(a) (1988), attorneys' fees may be recovered by an individual who finally prevails in his or her action brought under those provisions. The Magnuson–Moss Act, 15 U.S.C. § 2310(d)(2) (1988), provides:

If a consumer finally prevails in any action brought under paragraph (1) of this subsection, he may be allowed by the court to recover as part of the judgment

---

**2.** The appellees cross assign as error the trial court's refusal to submit special interrogatories to the jury which would ascertain under which statute they based their findings to determine whether attorney's fees were due. As pointed out by the appellants in their reply brief, however, the appellants requested that the trial court submit interrogatories to the jury but the appellees' counsel objected to them. The trial court sustained the appellees' objection, and denied the appellants' request that the interrogato-

ries be submitted to the jury. The appellants also point out that the appellees failed to offer any interrogatories.

Obviously, any question regarding the basis of the jury's verdict could have been resolved had the circuit court allowed the special interrogatories to be submitted to the jury. However, the appellees objected to the submission of special interrogatories, and they cannot now raise the failure to submit those interrogatories to the jury as error in this appeal.

a sum equal to the aggregate amount of cost and expenses (including attorneys' fees based on actual time expended) determined by the court to have been reasonably incurred by the plaintiff for or in connection with the commencement and prosecution of such action, unless the court in its discretion shall determine that such an award of attorneys' fees would be inappropriate.

Under the Odometer Act, 15 U.S.C. § 1989(a) (1988):

[a]ny person who, with intent to defraud, violates any requirement imposed under this subchapter shall be liable in an amount equal to the sum of—

(1) three times the amount of actual damages sustained or $1,500, whichever is the greater; and

(2) in the case of any successful action to enforce the foregoing liability, the costs of the action together with reasonable attorney fees as determined by the court.

■ We observed in *Muzelak v. King Chevrolet, Inc.*, 179 W.Va. 340, 347, 368 S.E.2d 710, 717 (1988) that the Magnuson–Moss Act, 15 U.S.C. § 2310(d)(2) specifically provides the recovery of attorneys' fees in successful actions for the actual time expended on the warranty claims. *See also City National Bank of Charleston v. Wells*, 181 W.Va. 763, 777, 384 S.E.2d 374, 388 (1989). Although we have not had occasion to address the recovery of attorneys' fees in successful actions under the Odometer Act, other jurisdictions, both state and federal, have recognized that an award of reasonable attorneys' fees is mandatory under the Odometer Act. *Duval v. Midwest Auto City, Inc.*, 578 F.2d 721, 726 (8th Cir.1978) (award of attorneys' fees may exceed amount of damages); *Fleet Investment Company, Inc., v. Rogers*, 620 F.2d 792, 793 (10th Cir.1980) (fees not limited by fee arrangement between counsel

and prevailing party); *Force v. McGeachy*, 186 Ga.App. 781, 368 S.E.2d 777 (1988); *Hall v. Riverside Lincoln Mercury–Sales*, 148 Ill.App.3d 715, 722, 101 Ill.Dec. 789, 499 N.E.2d 156, 161 (1986) (award of attorneys' fees exceeded damages); *Chapotel v. Bailey Lincoln–Mercury, Inc.*, 363 So.2d 451, 454 (La.1978); *Kostel Funeral Home, Inc. v. Duke Tufty Company*, 393 N.W.2d 449, 452 (S.D.1986).

Since it is clear that the recovery of attorneys' fees is specifically authorized by the Magnuson–Moss Act and the Odometer Act, the only question before this Court concerns the method by which these attorneys' fees should be determined.

The United States Supreme Court first addressed the question of the appropriate manner in which to determine a reasonable attorney's fee in *Hensley v. Eckerhart*, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). In *Hensley*, the Supreme Court stated that

[t]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. This calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services.

*Id.* at 433, 103 S.Ct. at 1939, 76 L.Ed.2d at 50. This sum is referred to as the "lodestar." The Supreme Court then went on to note that the lodestar may be adjusted upward or downward to reflect the twelve factors enumerated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir.1974),[3] 461 U.S. at 434 n. 9, 103 S.Ct. at 1940 n. 9, 76 L.Ed.2d at 51 n. 9. The Supreme Court stated that the standards set forth in *Hensley*, "are generally applicable in all cases in which Congress has authorized an award of fees to a 'pre-

---

**3.** The following twelve factors were articulated in *Johnson:* (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations im-

posed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

vailing party.' " *Id.* at 433 n. 7, 103 S.Ct. at 1939 n. 7, 76 L.Ed.2d at 51 n. 7.

Following its adoption in *Hensley* of an approach to determine attorneys' fees that shared elements of both the lodestar method of calculation and the twelve factors identified in *Johnson*, the Supreme Court clarified its view in *Blum v. Stenson,* 465 U.S. 886, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984). The Supreme Court explained that the calculation of multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate was no more than an approximation of the final award to be determined. *Id.* at 897, 104 S.Ct. at 1548, 79 L.Ed.2d at 901. The Supreme Court then limited the factors which a court may consider in determining whether to make adjustments to the lodestar amount. The Supreme Court specifically held that "[n]either the complexity nor the novelty of the issues, . . ., is an appropriate factor in determining whether to increase the basic fee award." [4] *Id.* at 898–99, 104 S.Ct. at 1549, 79 L.Ed.2d at 902. The Supreme Court also concluded that the " 'quality of representation,' . . . generally is reflected in the reasonable hourly rate," and that the " 'results obtained' . . . normally should not provide an independent basis for increasing the fee award." *Id.* at 899–900, 104 S.Ct. at 1549–50, 79 L.Ed.2d at 902–03. Following *Blum,* the Supreme Court continued to refine its holding in *Hensley* in subsequent cases. *See Missouri v. Jenkins,* 491 U.S. 274, 109 S.Ct. 2463, 105 L.Ed.2d 229 (1989) (in determining what constitutes a reasonable attorneys' fee under the Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988, a court should consider the work of paralegals and law clerks, and also an adjustment for delay in payment); *Blanchard v. Bergeron,* 489 U.S. 87, 109 S.Ct. 939, 103 L.Ed.2d 67 (1989) (an attorneys' fee allowed under the Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988 is not limited to the amount provided in the plaintiff's contingent fee arrangement with his counsel); *Pennsylvania v. Delaware*

*Valley Citizens' Council for Clean Air,* 483 U.S. 711, 107 S.Ct. 3078, 97 L.Ed.2d 585 (1987) (enhancement of lodestar amount for risk of loss when awarding attorneys' fees under the fee shifting provision of the Clean Air Act, 42 U.S.C. § 7604(d) is improper); *City of Riverside v. Rivera,* 477 U.S. 561, 106 S.Ct. 2686, 91 L.Ed.2d 466 (1986) (upheld an award of $245,456.25 in attorneys' fees under the Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988 even though the plaintiffs only recovered $33,350.00 in damages).

The twelve factors enumerated in *Johnson, supra,* and recognized by the Supreme Court, have been applied in cases involving reasonable attorneys' fees under the Odometer Act on both the state and federal level. *See Bayless v. Irv Leopold Imports, Inc.,* 659 F.Supp. 942, 943–45 (D.Or.1987); *Slaymaker v. Westgate State Bank,* 241 Kan. 525, 539, 739 P.2d 444, 454 (1987).

We also adopted the *Johnson* factors to guide circuit courts in determining reasonable attorneys' fees in cases involving an insured's action against an insurer for failure to pay a claim. *Jordon v. National Grange Mutual Insurance Co.,* 183 W.Va. 9, 393 S.E.2d 647 (1990); *Aetna Casualty & Surety Co. v. Pitrolo,* 176 W.Va. 190, 342 S.E.2d 156 (1986). We listed these factors in syllabus point 4 of *Aetna:*

> Where attorney's fees are sought against a third party, the test of what should be considered a reasonable fee is determined not solely by the fee arrangement between the attorney and his client. The reasonableness of attorney's fees is generally based on broader factors such as: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the

---

4. We note that the *Blum* opinion predates our decision to adopt the *Johnson* factors in *Aetna Casualty & Surety Co. v. Pitrolo,* 176 W.Va. 190,

342 S.E.2d 156 (1986). We clarify that this Court adheres to all of the factors stated in *Johnson.*

results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*See also* syllabus, *State of West Virginia ex rel. Board of Education v. McCuskey,* 184 W.Va. 615, 403 S.E.2d 17 (1991).

Moreover, we have also adopted an approach in human rights cases similar to that articulated by the Supreme Court in *Hensley,* which combines elements of both the *Johnson* factors and the lodestar method of calculation to determine reasonable attorneys' fees. *Casteel v. Consolidation Coal Co.,* 181 W.Va. 501, 383 S.E.2d 305 (1989); *Bishop Coal Co. v. Salyers,* 181 W.Va. 71, 380 S.E.2d 238 (1989).[5]

In the case now before us, we do not believe that the trial court took into consideration either the lodestar method of calculation or the factors identified in *Aetna, supra,* in determining the amount of reasonable attorneys' fees to be awarded the appellants. Although the trial court did not question any of the time certified by the appellants' counsel to have been spent on the case, the trial court limited their fees to $1,666.66, and denied any reimbursement for litigation expenses. The fee allowed by the trial judge is not reasonable considering the time the appellants' counsel expended on this case.

Therefore, on remand, the trial court should apply a balancing test using the factors enumerated in *Aetna, supra,* to determine the amount of attorneys' fees to be awarded on the basis of the time reasonably expended on this litigation.[6] The trial court should also take into consideration the purpose of awarding attorneys' fees in actions such as this.[7] Thus, we conclude that the circuit court abused its discretion in limiting the appellants' award of attorneys' fees to one-third of the recovery based upon the contingency fee agreement between the appellants and their counsel. Accordingly, we remand this case to the trial court for the proper calculation of attorneys' fees consistent with the principles set forth in this opinion.[8]

Reversed and remanded.

5. We stated in syllabus point 6 of *Casteel:*
   'When the relief sought in a human rights action is primarily equitable, "reasonable attorneys' fees" should be determined by (1) multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate—the lode-star calculation—and (2) allowing, if appropriate, a contingency enhancement. The general factors outlined in Syllabus Point 4, *Aetna Cas. & Sur. Co. v. Pitrolo,* 176 W.Va. 190, 342 S.E.2d 156 (1986) should be considered to determine: (1) the reasonableness of both time expended and hourly rate charged; and (2) the allowance and amount of a contingency enhancement.' Syllabus Point 3, *Bishop Coal Co. v. Salyers,* 181 W.Va. 71, 380 S.E.2d 238 (1989).

6. The trial court may conduct a hearing to accept evidence to assist it in determining whether the fee awarded the appellants' counsel should be adjusted to reflect the *Johnson* factors.

7. In *Duval v. Midwest Auto City, Inc.,* 578 F.2d at 726, the court observed that the provisions of the Odometer Act allowing the recovery of attorney's fees "are a response to legislative recognition that, as a practical matter, 'in many situa-

tions, the amount of damage under the Act will be so small that few attorneys will pursue his client's case with diligence unless the amount of the fee be proportionate to the actual work required, rather than the amount involved.'" *See also Fleet Investment Co., Inc. v. Rogers,* 620 F.2d at 793.

8. The appellees set forth the following five cross-assignments of error: (1) the trial court erred in refusing to submit interrogatories to the jury which would ascertain the basis for their findings and would enable it to determine if attorney's fees were due; (2) the trial court erred in allowing any attorney's fees without being able to ascertain if the basis of the jury's award was upon a statute authorizing fees; (3) the trial court erred in awarding any attorney's fees under the circumstances in that the contract between plaintiffs and their attorneys did not clearly advise the client of the underlying economic interests of the attorneys in the contract, which was separate and apart from their true interests; (4) any right of attorneys for plaintiffs to collect such fees is void by attorney's failure to advise them in writing that a fee would be claimed from a third party; and (5)

this case is improperly before this Court in that the plaintiffs below are not parties in interest and will not benefit from the decision. We find these cross-assignments of error are frivolous, and we shall not address them in this appeal.