**Harold GLOVER, et al., Plaintiffs,**

v.

**GENERAL MOTORS CORP.,
et al., Defendants.**

**Civil Action No. 95–167–B.**

United States District Court,
W.D. Virginia,
Big Stone Gap Division.

March 20, 1997.

Frederick Wayne Adkins, Cline, Adkins & Cline, Norton, VA, for Harold and Helen Marie Glover.

Carl Adrian White, Bristol, VA, for Morgan–McClure Chevrolet, Inc.

Roy Mark Jessee, Mullins, Thomason & Harris, Norton, VA, for Quality Coaches, Inc.

## OPINION AND ORDER

JONES, District Judge.

The defendants have moved to dismiss the claim for punitive damages in this statutory action for vehicle odometer fraud. I find that punitive damages are not allowable under the statute, and thus grant the motions to dismiss.

### I

The plaintiffs, Harold Glover and Helen Marie Glover, sue under certain provisions of the federal Motor Vehicle Information and Cost Savings Act, 49 U.S.C. §§ 32701–32711 (1994) ("Act").[1] They allege that they purchased from the defendant Morgan–McClure Chevrolet, Inc. a new 1993 Chevrolet van which had been "customized" by the defendant Quality Coaches, Inc.[2]

The Glovers claim that after they took delivery of the van, they discovered that a device had been installed by the defendants which allowed the odometer to be turned off, thus permitting the vehicle to be operated without recording its true mileage. Federal law forbids a person from installing or having installed "a device that makes an odometer of a motor vehicle register a mileage different from the mileage the vehicle was driven...." 49 U.S.C. § 32703(1) (1994) (previously codified at 15 U.S.C. § 1983).

The complaint contains two counts, both purporting to arise under federal law. The first seeks damages in the amount of $30,000 "and/or damages as shown by the liability provisions of the [Act]." (Compl.¶ XII.) The second count alleges that the illegal device was installed by the defendants with an "intent to mislead a purchaser and therefore demonstrate [sic] an intentional and reckless disregard for the basic purposes of the [Act] ..." (Compl.¶ XIV.) The second count seeks punitive damages in the amount of $500,000.

The defendants both move to dismiss count II of the complaint, on the ground that punitive damages are not recoverable under the federal statutory provisions.[3]

### II

■ The Act allows civil actions by private persons to enforce its provisions. It provides that a person who violates its provisions

---

1. Provisions of federal law pertaining to odometer tampering previously were codified as part of the Motor Vehicle Information and Cost Savings Act, 15 U.S.C. §§ 1981–1989 (1976). These provisions were repealed, Pub.L. 102–272, § 7(b), 108 Stat. 745 (July 5, 1994), when the they, and other transportation related laws, were recodified as part of title 49. Pub.L. 102–272, § 1(a), 108 Stat. 745 (July 5, 1994). The provisions governing odometer fraud now are codified at 49 U.S.C. §§ 32701–32711 (1994). The recodification did not substantively change those sections under which the plaintiffs here proceed.

2. Two other defendants were originally named in the complaint, Gates Chevrolet, Inc. and General Motors Corporation. Both of these defendants have been voluntarily dismissed by the plaintiffs.

3. The defendants alternatively assert that the claim for punitive damages exceeds the statutory cap imposed by Virginia law. Va.Code Ann. § 8.01–38.1 (Michie 1992). In view of my disposition of the main issue, I do not reach this point.

"with intent to defraud, is liable for 3 times the actual damages or $1,500, whichever is greater." 49 U.S.C. § 32710(a) (1994) (previously codified at 15 U.S.C. § 1989(a)(1)). The successful plaintiff is also entitled to an award of costs and a reasonable attorney's fee. 49 U.S.C. § 32710(b) (1994) (previously codified at 15 U.S.C. § 1989(a)(2)).

While the Act does not preempt any state law dealing with odometer fraud, 49 U.S.C. § 32711 (1994) (previously codified at 15 U.S.C. § 1991), there is no state cause of action asserted in the present case. Instead, the plaintiffs rely exclusively on the federal statute. Accordingly, it is necessary to determine whether punitive damages are within the contemplation of the federal statutory remedy.

■ The statute here already provides for treble damages. 49 U.S.C. § 32710(a) (previously codified at 15 U.S.C. § 1989(a)(1)). This statutory enhancement of actual damages serves the same function as common law punitive damages, which is to punish the wrongdoer and deter similar conduct in the future. *Ferris v. Haymore*, 967 F.2d 946, 957 (4th Cir.1992) (finding section 1989 "inherently punitive"); *see Wahba v. H & N Prescription Center, Inc.*, 539 F.Supp. 352, 355 (E.D.N.Y.1982) (explaining that, under the Consumer Product Safety Act, 15 U.S.C. § 2072 (1976), punitive damages and treble damages both are penalties visited upon the offender to punish and deter).[4]

To allow both treble damages and common law punitive damages would grant a duplicative remedy, a result which Congress certainly did not intend. *See Hometowne Builders, Inc. v. Atlantic Nat'l Bank*, 477 F.Supp. 717, 720 (E.D.Va.1979) (noting that treble damages under federal antitrust laws preclude punitive damages). Indeed, to allow both treble damages and punitive damages might raise serious due process questions. *John Mohr & Sons, Inc. v. Jahnke*, 55 Wis.2d 402, 198 N.W.2d 363, 368 (1972); *see BMW of North America, Inc. v. Gore*, — U.S. —, —, 116 S.Ct. 1589, 1598, 134 L.Ed.2d 809

(1996) ("Elementary notions of fairness enshrined in our constitutional jurisprudence dictate that a person receive fair notice not only of the conduct that will subject him to punishment but also of the severity of the penalty....").

In *Ferris*, the Fourth Circuit considered whether the treble damages of the Act could be reduced by the deduction of damages received from other wrongdoers. In holding that such reduction was not permitted, the court noted:

Congress determined that the treble damages awards are necessary to achieve the degree of deterrence and compensation that it wished to exist, and we are without authority to adjust those levels of deterrence and compensation through application of common law or equitable principles.

*Ferris*, 967 F.2d at 957.

Similarly, the statute's determination of the proper measure of punishment is not subject to judicial amendment, in order to permit punitive damages.

Accordingly, for the foregoing reasons, it is ORDERED that the motions to dismiss are granted and the claim for punitive damages set forth in count II of the complaint is dismissed.

---

4. The treble damage provision clearly is not intended simply and solely to provide an incentive to a person defrauded to bring suit when the actual damages are small, since the statute affords a minimum recovery of $1,500 and allows an attorney's fee, whatever the amount of recovery.