**APPLE VALLEY CHEVY, Plaintiff,**

v.

**GOODWIN, Defendant.**

**No. CIV.A. 3:96–CV–60.**

United States District Court,
N.D. West Virginia.

Feb. 23, 1998.

Michael D. Lorensen, Martinsburg, WV, for Plaintiff.

David J. Joel, Martinsburg, WV, for Defendant.

## MEMORANDUM OPINION AND ORDER

BROADWATER, District Judge.

On January 7, 1998, came the Plaintiff, through his attorney Michael D. Lorensen, and the Defendant, through his attorney David J. Joel, for a Motion Hearing and Post Trial Conference on the above-captioned case. At this conference, *inter alia,* came before the Court for consideration the Defendant's Motion to Award Costs and Attorney's Fees (Document # 33).

This Court has now considered the Defendant's Motion to Award Costs and Attorney's Fees, the memoranda filed in support thereof and in opposition thereto, the pleadings, and the applicable law. For reasons set forth below, the Court denies the Defendant's Motion to Award Costs and Attorney's Fees.

### I. STATEMENT OF FACTS

Apple Valley Chevy ("Plaintiff") is a West Virginia Corporation with its principal place of business in Martinsburg, West Virginia. On July 5, 1996, Plaintiff purchased a 1994 Volkswagen Jetta ("vehicle") from Mark Goodwin ("Defendant") in a trade-in deal. Defendant received $10,500 value credit for his vehicle, based, in part, upon the mileage appearing on the odometer and in turn purchased another vehicle from the Plaintiff. The Defendant maintained that the vehicle displayed a sticker on the door frame that clearly indicated that the odometer had been replaced for mechanical reasons. Plaintiff later alleged that the odometer reading was not an accurate representation of the vehicle's actual mileage. On September 5, 1996, Plaintiff brought an action against Defendant in the United States District Court for the Northern District of West Virginia for odometer fraud under the Motor Vehicle Information and Cost Savings Act, 49 U.S.C.A. § 32701 *et seq.* (1994) (previously codified at 15 U.S.C.A. §§ 1987–1989). On October 28, 1997, a jury returned a verdict for the Defendant and against the Plaintiff. On October 30, 1997, the Defendant filed a Motion to Award Costs and Attorney Fees that is now under consideration. In this Motion, Defendant claims $6,795.00 in legal fees and $522.95 in costs, for a total sum of $7,317.95.

### II. DISCUSSION OF LAW

Section 32710(b) of the Act, as amended in 1994 ("Amended Act"), provides in part that "[t]he court shall award costs and a reasonable attorney's fee to the person when a judgment is entered for that person."[1] Congress amended the Act for "clarity" and to "eliminate unnecessary words." 49 U.S.C.A. § 32710(b) note (1994) (Historical and Statutory Notes). Thus, the Amended Act was not meant to depart from the previous congressional intent in the original statute, but as a clarification of ambiguous language. Unfortunately, the clarification brought new questions as to the language of the Act. This Court is faced with one such question, apparently of first impression, concerning the Amended Act: whether a prevailing seller of a used motor vehicle who was sued by a dealer for alleged violations of the Act is entitled to attorney fees.

Arguably, public policy considerations under the Amended Act, continue to favor the protection of buyers of used motor vehicles as private individuals against unscrupulous automobile dealers. The findings and purposes of the Amended Act, which remained unaltered, tend to enforce this assertion. When enacting this statute, Congress made explicit reference to the importance of protecting buyers of motor vehicles. Specifically, Congress found that

(1) **buyers** of motor vehicles rely heavily on the odometer reading as an index of the condition and value of a vehicle;

---

**1.** Section 32710(b) states in full: "Civil Actions.—A person may bring a civil action to enforce a claim under this section in an appropriate United States district court or in another court of competent jurisdiction. The action must be brought no later than 2 years after the claim accrues. The court shall award costs and a reasonable attorney's fee to the person when a judgment is entered for that person."

(2) **buyers** are entitled to rely on the odometer reading as an accurate indication of the mileage of the vehicle;

(3) an accurate indication of the mileage assists a buyer in deciding on the safety and reliability of the vehicle.

49 U.S.C.A. § 32701(a)(emphasis added).

In addition, the purposes of the Amended Act are to "(1) prohibit tampering with motor vehicle odometers; and (2) to provide safeguards to protect purchasers in the sale of motor vehicles with altered or reset odometers." 49 U.S.C.A. § 32701(b)(emphasis added).

Prior to the 1994 amendment, the ambiguity in the statute as to the precise identity of the entity responsible for attorney's fees was rectified by regulation and case law. Courts almost unanimously awarded attorney's fees and costs to prevailing plaintiffs who bought automobiles with adulterated odometers. *Patton v. McHone,* 1993 WL 82405 (Tenn. App.1993) (stating that the only person liable under the Act is the one who actually makes a written warranty).

In addition, courts had a discretionary power to award attorney's fees and costs. Courts used their discretionary power by consistently awarding attorney's fees to prevailing plaintiffs and denying attorney's fees to prevailing defendants. *Hathcock v. G & M Builders, Inc.,* 601 F.2d 846 (5th Cir.1979) (awarding attorney's fees to a buyer of a motor vehicle against the seller, but refusing to assess attorney's fees to the previous owner, who was a successful third party defendant); *Rice v. Mike Ferrell Ford,* 184 W.Va. 757, 403 S.E.2d 774 (1991) (awarding attorney's fees to a prevailing motor vehicle buyer who brought action against seller for odometer fraud); *Ryan v. Edwards,* 592 F.2d 756 (4th Cir.1979) (awarding attorney's fees to a prevailing plaintiff against seller); *Hall v. Riverside Lincoln Mercury–Sales,* 148 Ill. App.3d 715, 101 Ill.Dec. 789, 499 N.E.2d 156 (1986) (affirming the lower court's discretionary power to award attorney's fees to the prevailing plaintiff).

Under the Amended Act, the award of attorney's fees is mandatory. 49 U.S.C.A. 32710(b) (1994). However, the language of the Amended Act is somewhat ambiguous as to the identity of the entity responsible for attorney's fees. The court in *Glover v. General Motors Corp.,* 959 F.Supp. 332, 334 (W.D.Va. 1997) interpreted the language to mean that "[t]he successful plaintiff is ... entitled to an award of costs and a reasonable attorney's fee."

## III. CONCLUSION

In the present action, the Defendant argues that the language of the Amended Act makes it mandatory of the court to award costs and reasonable fees to the party for whom the judgment has been entered. The Defendant uses *Rice, supra,* to base his argument that an individual who finally prevails under the Act may recover attorney's fees. However, *Rice* was decided before Congress amended the Act. Defendant further argues that because the language of the Amended Act is unambiguous, an analysis of congressional intent is not relevant. This Court disagrees. When congressional intent is so explicit in protecting the buyer of a used motor vehicle, this Court cannot disregard the plain language of Congress and award attorney's fees to the **seller.** The Defendant as a prevailing seller of a used motor vehicle can not avail himself of the Act to recover attorney's fees and costs from the Plaintiff.

The Court, therefore, **ORDERS**

1. That the Defendant's Motion to Award Costs and Attorney Fees (Document # 33) is **DENIED** as more fully set forth above.

2. That, there remaining nothing further to consider herein, this matter is Dismissed from the Court's active docket.