**PUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

MILLER'S APPLE VALLEY CHEVROLET
OLDS-GEO, INCORPORATED, a West
Virginia corporation,
<u>Plaintiff-Appellee,</u>

No. 98-1425

v.

MARK GOODWIN,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the Northern District of West Virginia, at Martinsburg.
W. Craig Broadwater, District Judge.
(CA-96-60-3)

Argued: December 3, 1998

Decided: May 19, 1999

Before NIEMEYER and KING, Circuit Judges, and
MICHAEL, Senior United States District Judge for the
Western District of Virginia, sitting by designation.

_____

Affirmed by published opinion. Judge Niemeyer wrote the opinion,
in which Judge King and Senior Judge Michael joined.

_____

**COUNSEL**

**ARGUED:** David J. Joel, Martinsburg, West Virginia, for Appellant.
Michael Douglas Lorensen, BOWLES, RICE, MCDAVID, GRAFF
& LOVE, P.L.L.C., Martinsburg, West Virginia, for Appellee.

_____

**OPINION**

NIEMEYER, Circuit Judge:

The Motor Vehicle Information and Cost Savings Act of 1972, 49 U.S.C. § 32701 et seq., requires that the court award costs and reasonable attorney's fees "to the person when a [civil] judgment is entered for that person." 49 U.S.C. § 32710(b). The question presented by this appeal is whether that provision requires an award of attorney's fees to the prevailing party or only to a prevailing plaintiff. Concluding that "the person" refers only to a buyer who prevailed in a civil action under the Act for odometer fraud, the district court in this case denied a prevailing defendant his motion for costs and attorney's fees. We affirm.

I

In July 1996, Mark Goodwin purchased a new vehicle from Miller's Apple Valley Chevrolet Olds-Geo, Incorporated ("Apple Valley"), at its place of business in Martinsburg, West Virginia. As part of the purchase price, Goodwin traded in a 1994 Volkswagen Jetta, representing that it had 21,345 miles on it. He also represented that the vehicle had not been modified and that no original equipment had been replaced. Goodwin received a $10,500 credit for the Jetta.

Apple Valley later learned that the odometer on the Jetta had been replaced and that the vehicle had traveled more miles than stated on the odometer, substantially decreasing its value. While Goodwin allegedly acknowledged later to Apple Valley that he had made the false statements, he refused to repurchase the Jetta from Apple Valley. Apple Valley accordingly brought this action under the Motor Vehicle Information and Cost Savings Act of 1972, 49 U.S.C. § 32701 et seq.,* alleging odometer fraud. At trial, Goodwin main-

_____

*Upon enactment in 1972, Congress codified the Act at 15 U.S.C. § 1981 et seq. In 1994, Congress recodified the Act at 49 U.S.C. et seq. The 1994 recodification resulted in some changes to the Act's language, although Congress stated that it did not intend for those changes to impact substantively the meaning of the Act. See Act of July 5, 1994, Pub. L. No. 103-272, 108 stat. 745.

2

tained that his representations about the Jetta were inadvertent, and the jury returned a verdict in his favor. As the prevailing party, Goodwin filed a motion for costs and attorney's fees under 49 U.S.C. § 32710(b), claiming $7,318. He argued that the Act "makes it mandatory of the Court to award costs and reasonable attorney['s] fees by the word `shall' when referring to costs and reasonable attorney['s] fees to the party for whom the judgement was entered." The district court denied the motion, concluding that "[w]hen congressional intent is so explicit in protecting the buyer of a used motor vehicle, this Court cannot disregard the plain language of Congress and award attorney's fees to the seller." Apple Valley Chevy v. Goodwin, 997 F. Supp. 746, 748 (N.D. W. Va. 1998) (emphasis in original).

This appeal followed.

II

The sole issue raised in this appeal is whether the district court erred in interpreting 49 U.S.C. § 32710(b) to deny Goodwin, a successful defendant in an odometer fraud suit, recovery of his costs and attorney's fees. Statutory interpretation begins with the language of the Act. When the intent of Congress is expressed in the text of a statute in reasonably plain terms, we must give effect to that intent. See Griffin v. Oceanic Contractors, Inc., 458 U.S. 564, 570 (1982). In considering the meaning of statutory terms, we consider not only their statutorily defined meaning or, in the absence of definition, their ordinary meaning, but also their placement, taking into account rules of grammar, and their context. See Bailey v. United States, 516 U.S. 137, 145 (1995).

The statutory provision at issue is 49 U.S.C. § 32710(b), entitled "Civil Actions," which provides in full:

> A person may bring a civil action to enforce a claim under this section in an appropriate United States district court or in another court of competent jurisdiction. The action must be brought not later than 2 years after the claim accrues. The court shall award costs and a reasonable attorney's fee to the person when a judgment is entered for that person.

3

Only the last sentence addresses attorney's fees and costs, requiring that they be awarded to "the person when a judgment is entered for that person." If "the person" refers to any prevailing party, then Goodwin, a prevailing defendant, can recover his costs and attorney's fees. But if "the person" refers only to a buyer or a prevailing plaintiff, then we must affirm the district court's order denying Goodwin's motion.

The person for whom attorney's fees are provided in the statute is identified through two modifiers. The first is the definite article "the" before "person," and the second is the adverbial clause, "when judgment is entered for that person." The definite article defines "person" to be a particular person and not any person. The only antecedent possible is the "person" described in the first sentence -- that is, the person authorized to bring a civil action for odometer fraud under the Act. Because the person authorized to bring an action is the plaintiff and not the defendant in the action, we must conclude that the plaintiff in an action under the Act is the antecedent for "the person" in the last sentence and therefore is the person entitled to costs and fees.

The adverbial clause, "when judgment is entered for that person," which also limits application of the last sentence, modifies the scope of the verb "shall award" as it applies to "the person." This clause limits the circumstance in which the court may award "the person" attorney's fees by excluding the circumstance when "the person" loses. The court is commanded to award costs and fees only when "the person" wins.

We reject Goodwin's assertion that the adverbial phrase "when judgment is entered for that person" turns § 32710(b) into a provision permitting an award of attorney's fees to any prevailing party. Cf. 15 U.S.C. § 1681n(c) (consumer protection statute awarding attorney's fees to "prevailing party"); 16 U.S.C. § 470w-4 (same, historic preservation statute); 42 U.S.C. § 1988(b) (same, civil rights); 49 U.S.C. § 14707(c) (same, interstate transportation). Goodwin's interpretation would undoubtedly have merit had Congress utilized the words "for whom a judgment is entered" in the last sentence instead of the conditional, adverbial clause "when judgment is entered for that person." "That person" within the clause obviously refers to "the person" in the earlier portion of the sentence, which in turn, as we have already noted, has its antecedent in the first sentence.

4

The plain import of the language of § 32710(b) leads us to the inevitable conclusions that (1) "the person" entitled by the last sentence to recover attorney's fees is the same person referred to in the first sentence who is authorized to bring an action under§ 32710(b), and (2) the person referred to in the last sentence receives attorney's fees only when judgment is entered for him. In short, we hold that § 32710(b) permits only successful plaintiffs to recover their costs and attorney's fees.

Invoking principles of fairness, Goodwin argues that under our interpretation of the statute, when car dealers are plaintiffs, they "would have nothing to lose if they can win a treble award plus costs and attorney['s] fees and not be penalized[under the Act] if they lose." This, however, is a policy argument better reserved for consideration by Congress and not the courts.

It is true that in the ordinary case brought under the Act, the usual plaintiff is an individual purchaser who fell victim to a dealer's or prior owner's odometer fraud. See, e.g. , Suiter v. Mitchell Motor Coach Sales, Inc., 151 F.3d 1275 (10th Cir. 1998); Ryan v. Edwards, 592 F.2d 756 (4th Cir. 1979); Carrasco v. Fiore Enterprises, 985 F. Supp. 931 (D. Ariz. 1997). Congress' statement of purpose and findings in support of the Act buttress that observation by suggesting that the Act exists to protect the party most often with less information, i.e. the purchasing consumer, from being defrauded by the party with more information, i.e. the selling dealer or prior owner. See, e.g., 49 U.S.C. § 32701(a)(1) (stating that "buyers of motor vehicles rely heavily on the odometer reading as an index of the condition and value of a vehicle"); 49 U.S.C. § 32701(a)(2) (stating that "buyers are entitled to rely on the odometer reading as an accurate indication of the mileage of the vehicle"); 49 U.S.C. § 32701(a)(3) (stating that "an accurate indication of the mileage assists a buyer in deciding on the safety and reliability of the vehicle"); see also 49 U.S.C. § 32701(b) (stating that the Act's purposes include "to provide safeguards to protect purchasers in the sale of motor vehicles with altered or reset odometers") (emphasis added in all parentheticals).

This appeal involves just the opposite situation, however. As a result of a trade-in transaction, a dealer was the"purchaser" accusing an individual as "seller" of odometer fraud. Goodwin invites us to

5

permit this out-of-the-ordinary fact situation to color our interpretation of the Act's attorney's fees provision. We decline to do so.

Section 32710(b), in our view, is not ambiguous. It permits only prevailing plaintiffs to recover costs and attorney's fees. Accordingly, the order of the district court is

AFFIRMED.

6